**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **DONALD A. CAINE,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CIVIL CASE NO. 3:17-CV-0027-G-BK** |
| | § | |
| **LORIE DAVIS, Director, TDCJ-CID,** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, the petition for writ of habeas corpus under 28 U.S.C. § 2254, Doc. 3, was referred to the United States magistrate judge for findings of fact and a recommended disposition. Upon review of the relevant pleadings and applicable law, and as detailed herein, the petition should be **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations.

**I. BACKGROUND**

In 2012, Petitioner was convicted of aggravated robbery and sentenced to 60 years' imprisonment. *State v. Caine*, No. F11-31232 (363rd Jud. Dist. Court, Dallas Cty., Apr. 11, 2012), *aff'd*, 05-12-00559-CR, 2013 WL 5918402, at * 1 (Tex. App. – Dallas, Nov. 1, 2013, pet. ref'd). The Texas Court of Criminal Appeals subsequently denied state habeas relief. *Ex parte Caine*, No. WR-84,650-01 (Tex. Crim. App. Dec. 14, 2016); Doc. 16-5.

On January 4, 2017, Petitioner, proceeding *pro se*, filed this federal habeas petition. Doc. 3. At the Court's direction to show cause why his petition was not barred as untimely, Petitioner filed a response addressing the application of the one-year limitations period. Doc. 8. Subsequently, Respondent filed her preliminary response contending the federal petition should

be dismissed with prejudice as time barred. Doc. 18. In his reply, Petitioner raises for the first time a claim of actual innocence. Doc. 24.

## II. ANALYSIS

### A. One-Year Statute of Limitations

Petitioner does not dispute that he filed his federal petition five days beyond the one-year limitations period for seeking federal habeas relief. *See* 28 U.S.C. § 2244(d)(1)(A) (a state prisoner ordinarily has one year to file a federal habeas petition, starting from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review"). Petitioner's conviction became final on August 4, 2015 – 90 days after the Court of Criminal Appeals refused his petition for discretionary review on May 7, 2014.[1] *See* SUP. CT. R. 13(1) and (3); *Gonzalez v. Thaler,* 565 U.S. 134, 150 (2012) (conviction becomes final "when the time for pursuing direct review in [the Supreme Court], or in state court, expires."). Thus, as of the filing of his state habeas application on July 27, 2017, 356 days of the one-year limitations period had elapsed.[2] The state application remained pending until its denial on December 14, 2016, statutorily tolling the one-year limitations period during its pendency. 28 U.S.C. § 2244(d)(2) (statutory tolling available during pendency of properly filed state application). The one-year period resumed running on December 15, 2016, and expired nine days later, on Friday December 23, 2016. The earliest date the petition in this federal action can

---

[1] The online docket sheet is available at http://www.search.txcourts.gov/Case.aspx?cn=WR-84,650-01&coa=coscca (last visited February 21, 2017).

[2] The state application is deemed filed on July 27, 2017, the date on which Petitioner signed it and likely also handed it to prison officials for mailing. *See* Doc. 16-9 at 38; *Richards v. Thaler,* 710 F.3d 573, 579 (5th Cir. 2013) (holding prison mailbox rule applies to state habeas application).

be deemed filed is December 28, 2016, which is the date Petitioner indicated he signed it and presumably placed it in the prison mail system. Doc. 3 at 9. *See* Rule 3(d) of the Rules Governing Section 2254 Proceedings ("mailbox rule" applicable to inmates who use jail/prison's internal mailing system). Additionally, the certificate of inmate trust account, mailed to the Court along with the petition and a request for leave to proceed *in forma pauperis*, is likewise dated December 28, 2016. Doc. 4 at 3. Consequently, the federal petition is outside the one-year limitations period under section 2244(d)(1)(A).

Additionally, subsections (B) through (D) of section 2244(d)(1) are inapplicable. Petitioner alleges no state-created impediment that prevented timely filing of his claims, does not base his claims on any new constitutional right, and the facts supporting his claims became or could have become known prior to the date on which his conviction became final. Accordingly, Petitioner's federal habeas petition is barred by limitations, absent equitable tolling.

**B. Equitable Tolling**

Petitioner's filings, even when liberally construed in accordance with his *pro se* status, do not present due diligence and "rare and exceptional circumstances" warranting equitable tolling. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (to be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."); *see also Menominee Indian Tribe of Wis. v. United States*, ___ U.S. ___, 136 S. Ct. 750, 755-56 (2016). Unexplained delays do not evince due diligence or rare and extraordinary circumstances. *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) ("[E]quity is not intended for those who sleep on their rights.") (quotation and quoted case omitted).

Furthermore, this is not a case in which Petitioner pursued "the process with diligence and alacrity." *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). He squandered most of the one-year period, waiting 356 days after his conviction became final on August 5, 2014 to file his state habeas application on July 27, 2015. A litigant cannot wait until near a deadline to make a filing, and then seek equitable tolling when something goes wrong. *Johnson v. Quarterman*, 483 F.3d 278, 287-88 (5th Cir. 2007); *see also Hudson v. Quarterman*, 332 F. App'x 209, 210 (5th Cir. 2009) (over 11-month delay in mailing state application after conviction became final did not evince due diligence); *Schmitt v. Zeller*, 354 F. App'x 950, 952 (5th Cir. 2009) (leaving only two months to act once state habeas proceedings concluded, having squandered most of the one-year period before filing the state application, was not diligent). Leaving little margin for error, as Petitioner did in this case when he delayed filing his state habeas application for nearly the entire one-year period, is neither cautious nor diligent.

In addition, neither Petitioner's *pro se* status nor his unfamiliarity with the law suffices to establish a rare and exceptional circumstance for purposes of equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) ("proceeding *pro se* is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim."); *Turner v. Johnson*, 177 F.3d 390, 391-392 (5th Cir. 1999) (*per curiam*) ("neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling).

Accordingly, the Court concludes that Petitioner has not met his burden to establish that equitable tolling is warranted in this case. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (party seeking equitable tolling has burden of showing entitlement to such tolling).

### C. Actual Innocence

In his reply, Petitioner for the first time asserts a claim of actual innocence. Doc. 24 at 7. While a claim of actual innocence may provide "a gateway through which a petitioner may pass" when the limitations period has elapsed, "tenable actual-innocence gateway pleas are rare." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). It is an avenue available only to a movant who presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 401 (quotations and quoted case omitted). To meet the threshold requirement for a claim of actual innocence, a petitioner must present new evidence and "'show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *Id.* at 399 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

Here, Petitioner presents no new evidence that would undermine this Court's confidence in the jury's guilty verdict. Doc. 24 at 7-20. *See Perkins*, 569 U.S. at 386 (citing *Schlup*, 513 U.S. at 329). Petitioner characterizes as "the undisclosed evidence in question," a Grand Prairie Police Department search and seizure report purportedly prepared by Detective Heath Wester regarding the search of Petitioner's residence. Doc. 24 at 9-10. Petitioner claims that the report stated that "[n]o evidence capable of linking the Petitioner to the incident was located inside the Petitioner's residence." Doc. 24 at 10. However, even if true, the findings of the state court on a related prosecutorial misconduct claim demonstrate the insignificance of such a report:

> The record shows that Wester indicated he found "household keys" in the search warrant inventory. *See* Applicant's Appendix A, Exhibit 3. When the evidence was brought to court for trial, it was discovered that one of the keys belonged to the complainant's car. *See* Applicant's Appendix B, Exhibit 4; RR-4: 157-158). This was unknown to the State until that time. Further, this evidence was inculpatory evidence rather than exculpatory evidence to which *Brady* applies.

Doc. 16-8 at 17.[3]

Even if Petitioner had produced the purported contradictory report or any actual proof of its existence, in light of the fact that Wester subsequently discovered the evidentiary nature of the keys, any impeachment value of any earlier report to the contrary is significantly diminished. In other words, even if such a document exists, it is not impeachment evidence. Certainly, it is not sufficient to persuade the court that "'no juror, acting reasonably, would have voted to find [Petitioner] guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 329. Consequently, Petitioner has failed to set forth a viable claim of actual innocence sufficient to avoid the operation of the limitations bar.

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1).

**SIGNED** March 15, 2018.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[3] The significance of the keys was explained by the state appellate court, which concluded on direct appeal that Petitioner's "unexplained possession of recently stolen property [including the complainant's car key] permits an inference that he is the one who committed the robbery." *Caine v. State*, 2013 WL 5918402, at *4.

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE